**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4809**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

      v.

JAMES T. WASHINGTON,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. David A. Faber, Senior District Judge. (2:12-cr-00187-1)

_____

Submitted: August 2, 2016         Decided: August 19, 2016

_____

Before TRAXLER, AGEE, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

John A. Carr, JOHN A. CARR ATTORNEY AT LAW, PLLC, Charleston, West Virginia, for Appellant. Monica D. Coleman, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James T. Washington pled guilty pursuant to a written plea agreement to one count of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2012). The district court imposed a within-Guidelines sentence of 216 months. In accordance with Anders v. California, 386 U.S. 738 (1967), Washington's counsel has filed a brief certifying that there are no meritorious issues for appeal, but questioning whether (1) it was incumbent on the Government to file the 21 U.S.C. § 851 (2012) information before Washington signed the plea agreement; (2) the district court plainly erred by not inquiring about the basis for the § 851 information before imposing Washington's sentence; and (3) Washington's counsel provided ineffective assistance of counsel. Washington has filed a pro se supplemental brief expanding on the claims identified in the Anders brief and asserting that his plea agreement was involuntary because it was coerced by the threat of a sentencing enhancement under § 851. We affirm Washington's conviction and sentence.

Washington has two claims concerning the § 851 information. Because Washington did not object on these grounds below, we review these claims for plain error. See United States v. Sanya, 774 F.3d 812, 815 (4th Cir. 2014). To establish plain error, an appellant must show: (1) error; (2) that was plain; and (3) that

2

affected his substantial rights.  <u>Henderson v. United States</u>, 133 S. Ct. 1121, 1126-27 (2013).

First, Washington suggests that the § 851 information may have been untimely filed.  An information seeking a statutory sentence enhancement based on a prior conviction must be filed before entry of a guilty plea.  21 U.S.C. § 851(a)(1).  Here, because the Government filed the § 851 information before Washington appeared in court to enter his plea, the Government complied with this requirement and no error occurred.

Next, counsel suggests that the district court failed to properly inquire into the basis for the § 851 information.  Section 851 requires a district court, before imposing sentence, to inquire whether the defendant affirms or denies the prior conviction cited in the § 851 information, and to inform defendant that any challenge to the prior conviction must be made before sentencing. Here, the district court did neither.  Nonetheless, we conclude that Washington has not met the demanding plain error standard, because he cannot show that that the district court's omission affected his substantial rights.  First, Washington acknowledged his prior federal controlled substance offense during his sentencing allocution, and on appeal offers no meritorious basis to challenge the prior conviction cited in the information. Accordingly, we conclude that both these § 851-based claims fail.

3

Turning to Washington's ineffective assistance claim, "[i]t is well established that a defendant may raise a claim of ineffective assistance of counsel in the first instance on direct appeal <u>if and only if it conclusively appears</u> from the record that counsel did not provide effective assistance." <u>United States v. Galloway</u>, 749 F.3d 238, 241 (4th Cir. 2014) (alterations and internal quotation marks omitted). Absent such a showing, ineffective assistance claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. <u>United States v. Baptiste</u>, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Here, the record does not conclusively show that counsel provided ineffective assistance; thus, the claim is properly raised, if at all, through a § 2255 motion rather than on direct appeal.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Washington, in writing, of the right to petition the Supreme Court of the United States for further review. If Washington requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Washington.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>